No. 05-022

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 287N

TERRANCE F. ARNETT, a/k/a TERRY ARNETT,
FLATHEAD CONDO, INC., a Montana corporation,

Plaintiffs,

v.

MARINA CAY RESORT VILLAS, INC., HANS and
BARBARA ZUURING, DAVID L. and CAROL HIX,
EARL and PAULINE S. MILLER, GARY and MADALENA
ROBINSON, HENRY B. and DONNA K. JENNINGS, ROSE
P. FISHER, GLENN H. and DOROTHY D. KINSLEY, and
GILBERT W. and CINDY G. LARSON,

Defendants,

and

HANS and BARBARA ZUURING, DAVID L. and CAROL
HIX, GARY and MADALENA ROBINSON, HENRY B., and
DONNA K. JENNINGS, GLENN H. and DOROTHY D.
KINSLEY, and GILBERT W. and CINDY G. LARSON,

Third Party Plaintiffs and Appellants,
(Except for Larsons)

v.

MARINA CAY RESORT VILLAS, INC., BRUCE DALEN,
MARINA CAY HOMEOWNERS ASSOCIATION,
MARINA CAY RESORT, and JOHN DOES 1-10,

Third Party Defendants,
Bruce Dalen, Respondent on appeal.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead, Cause No. DV 01-49B,
                The Honorable Stewart Stadler, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Christopher Daly, Attorney at Law, Missoula, Montana

      For Respondent:

          Daniel R. Wilson, Measure and Wilson, Kalispell, Montana

                              Submitted on Briefs: October 19, 2005

                              Decided:  November 15, 2005

Filed:

_____
                           Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Third Party Plaintiffs/Appellants Hans and Barbara Zuuring and other time share owners (Owners) appeal from a decision of the Eleventh Judicial District, Flathead County, rejecting their claims against Third Party Defendant/Respondent Bruce Dalen (Dalen).

¶3      The Owners contend that Dalen should be held personally liable for the loss of their investment in a time share unit. They claim that Dalen incurred liability for damages allegedly caused by the two corporations that operated the time share. The Owners also maintain that Dalen assumed responsibility for any damages by acting in the name of one of the corporations after dissolution.

¶4      We agree with Dalen that the Owners fail to put forth any evidence that he should be held personally liable. The Owners introduced no evidence that Dalen caused them any damages as an officer or shareholder of the corporations. Indeed, Dalen resigned from his positions as officer and director before the alleged damages occurred. Moreover, Dalen did not incur personal liability on behalf of the corporations after they were dissolved. He merely notified the Owners of the lien against their property and of his attempt to resolve the matter. The Owners had ample notice of the lien and foreclosure action and took no steps to resolve the situation. Affirmed.

¶5     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.


                              /S/ BRIAN MORRIS


We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM RICE